*P. Neumann,* for plaintiff.

*C. W. Ashford,* for defendant.

---

# HAWAIIAN COMMERCIAL AND SUGAR COMPANY *vs.* WAIKAPU SUGAR COMPANY.

## BILL FOR PARTITION AND ACCOUNT.

HEARING, DECEMBER 11, 1893.     DECISION, MARCH 13, 1894.

JUDD, C.J., BICKERTON J., AND WHITING, CIRCUIT JUDGE, IN PLACE OF FREAR, J.

A decree was made on the 21st September, 1893, that as no ouster was shown, there was no liability to account by the complainant to respond for its use of the common property.

After the decree, respondent moved that an account be taken for the use of the common property since the litigation began, on the 16th June, 1891, on the ground that this showed an ouster and an exclusion of the respondent.

Held, that the decree found no liability to account for the whole period to its date, covering the time now mentioned in the motion and it was *res adjudicata.*

Where an accounting between parties is ordered it covers the damages that arise pending the litigation up to the date of the closing of the account.

OPINION OF THE COURT, BY JUDD, C.J.

On the 19th September, 1893, this Court, on appeal, held that no ouster had been shown to have been made by the plaintiff corporation of the respondent, and therefore, the defendant corporation was not entitled to an account of the profits made by plaintiff out of the common estate. And on the 21st September, a decree was signed, stating that the Court " having found as a fact that there has been no ouster by the complainant of the respondent in respect to any portion of the land held in common by the parties, nor any exclusion by the complainant of the respondent from said land ; and being of opinion that the complainant is not subject to be charged in an accounting for its use of any portion of the land held in common by the parties," ordered, adjudged and decreed that the decree of the Chief Justice be confirmed and " that the Waikapu Sugar Company respondent is not entitled to recover or to be allowed any rent or damages for use and occupation by the said complainant of any portion of the land named in their complaint owned by the parties in common, and is not entitled to an account of the profits arising from such occupation."

On the 3rd October, 1893, the respondent moved the Chief Justice as follows :

" And now comes the said G. W. Macfarlane on behalf of the defendant and shows unto this Court that on the sixteenth day of June, A. D. 1891, the said Waikapu Sugar Company brought against the said Hawaiian Commercial and Sugar Company its action of ejectment, praying to be let into possession of its undivided half of the premises, and damages for exclusion therefrom, to which action the said Hawaiian Commercial and Sugar Company, besides a plea in abatement and a disclaimer filed an answer of general denial, which said action was terminated by the Court sustaining said plea.

" That on the fifth day of September, A. D. 1891, the said Hawaiian Commercial and Sugar Company brought a bill of complaint against the said Waikapu Sugar Company, praying

for a partition of said premises, and for an accounting, to which said bill, the said G. W. Macfarlane, defending the same in behalf of said Waikapu Sugar Company, filed an answer, claiming that the said Waikapu Sugar Company had been illegally excluded by the said Hawaiian Commercial and Sugar Company from use of the common property, and praying for an accounting therefor to be ordered, on which said petition and answer the Court found that such exclusion or ouster had not been shown, and denied to the said Waikapu Sugar Company the accounting in its behalf·prayed for as aforesaid.

"That from the date of the filing of said action of ejectment and of said answer of general denial until the present time, the said Hawaiian Commercial and Sugar Company has continually excluded and ousted the said Waikapu Sugar Company from a large and very valuable portion of the common property during that time exclusively held, used and cultivated by it, the said Hawaiian Commercial and Sugar Company, and now refuses the request of the said G. W. Macfarlane in behalf of the said Waikapu Sugar Company for any accounting therefor, or any payment for the use thereof.

"Wherefore, the said G. W. Macfarlane, in behalf of the said Waikapu Sugar Company, moves this Court for an order directing the said Hawaiian Commercial and Sugar Company to account to the said Waikapu Sugar Company for the rents and profits of those portions of the common premises under its exclusive use and occupation since the said sixteenth day of June, A. D. 1891."

On the 14th November, the Chief Justice decided that no ouster or exclusion of the respondent by the complainant had been shown as to such portion of the premises owned in common by the parties as was in the occupation of the complainant on the 16th June, 1891, (the date of respondent's suit in ejectment) and a decree was signed on the 22nd November to the same effect, and also directing a reference to ascertain how much, if any, additional land had been

planted or taken possession of by the complainant out of the land so owned in common since the 16th June, 1891, &c.

We heard the appeal on this decree, on the 11th December last.

It was urged before us by Mr. Hatch for the complainant that the decree of this Court on the 21st September, 1893, settles the entire question of liability between the parties down to that date.

We are of opinion that this contention is sound. The decree found that there was no liability on the part of the complainant to account for its use of the common property. It was open to the respondent to ask on the original bill that the account cover the whole period up to the date of the decree and to urge then that the effect of the litigation of June, 1891, in both actions was to establish that there was an ouster and that complainant's holding thereafter was adverse. If a liability to account at all had been found it would cover the period to the date of the decree. The decree is binding as to all matters presented and as to all matters which should nave been litigated.

In *Robinson vs. Bland,* 2 Burrows, 1086, Lord Mansfield said : " In a writ of account, the first judgment is *quod computet ;* and on such account, all articles of account, though incurred since the writ, shall be included, and the whole brought *down to the time* when the auditors make an end of their account." " On the statute of Glocester, 6 Ed., 1 (whereby damages are given in real actions, on a writ of entry to recover the specific lands) that statute gives damages generally, without saying *till* what time ; yet the construction upon it has been that they shall compute *all* the damages that have arisen *pendente brevi,*" (pending the writ).

This doctrine is generally adopted.

In *Couscher vs. Tulam,* 4 Wash. C. C. Repts., 442, it was held that " in an action of account on a reference to auditors, under the judgment *quod computet,* all articles of account between the parties incurred since the commencement of the suit, are to be included by the auditors and the whole transactions

between them are to be brought down to the time when they make an end of the account."

The respondent had an opportunity to present the claim now urged when the case was before the Court. The decree made on the 21st September, 1893, was conclusive of all matters of liability in respect to the common property up to its date. It was "final not only as to the matters actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided." Herman on Estoppel and *Res Judicata*, Sec. 122. "A decree in Chancery, like a judgment at law, when rendered on the merits, is final and conclusive upon the parties, not only as to the fact or issues actually decided, but as to all points necessarily involved in the matter *adjudicated.*" 1 Black, Judgments, Sec. 517.

To allow an accounting for a period between the filing of these suits and the date of the decree would contradict the decree itself, which found no liability covering the same period.

We are of opinion that the motion for an accounting since 16th June, 1891, is *res adjudicata.* For the same reason we think it was erroneous for the Chief Justice to order an account for the use of any land taken possession of by the complainant between the 16th June, 1891, and the date of the decree. The matter was also competent for the respondent to have urged in the original cause. The motion is overruled and a decree in accordance with these views will be signed.

*F. M. Hatch,* for complainant.

*A. S. Hartwell* and *C. W. Ashford,* for respondent.